UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY LUIS RIVERA,

    Plaintiff,

v.                                             Case No. 6:21-cv-93-AAS

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration,

    Defendant.
_____/

## ORDER

Anthony Luis Rivera requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, and the parties' joint memorandum, the Commissioner's decision is **AFFIRMED**.

I.    **PROCEDURAL HISTORY**

Mr. Rivera applied for DIB and alleged disability beginning on September 9, 2017. (Tr. 92–107). Disability examiners denied Mr. Rivera's applications initially and after reconsideration. (Tr. 107, 127). At Mr. Rivera's

request, the ALJ held a hearing on July 28, 2020. (Tr. 35–65). The ALJ issued an unfavorable decision to Mr. Rivera on August 5, 2020. (Tr. 13–34).

On November 9, 2020, the Appeals Council denied Mr. Rivera's request for review, making the ALJ's decision final. (Tr. 1–7). Mr. Rivera requests review of the Commissioner's final decision. (Doc. 1).

## II.  NATURE OF DISABILITY CLAIM

### A.  Background

Mr. Rivera was forty-six years old on his alleged onset date of September 9, 2017, and on the date he applied for DIB, February 4, 2019. (Tr. 92). Mr. Rivera has at least a high school education, and past relevant work as a sales manager; director of satellite communications; and web developer. (Tr. 106).

### B.  Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. §§ 404.1520(a) First, if a claimant is engaged in substantial gainful activity,[2] he is not disabled. 20 C.F.R. §§ 404.1520(b). Second, if a claimant has no impairment or combination of impairments that significantly limit his

---

[1] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. §§ 404.1572.

2

physical or mental ability to perform basic work activities, he has no severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, he is not disabled. 20 C.F.R. §§ 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[3] *Id.* Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent him from performing work that exists in the national economy, he is not disabled. 20 C.F.R. §§ 404.1520(g).

The ALJ determined Mr. Rivera did not engage in substantial gainful activity since his alleged onset date, September 9, 2017. (Tr. 18). The ALJ found Mr. Rivera had the following severe impairments: lumbar degenerative disc disease/spondylosis; right shoulder disorders, including impingement, partial rotator cuff tear, and glenoid labrum tear status post arthroscopy and rotator cuff repair; bilateral hip arthralgia; obesity; major depressive disorder;

---

[3] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. 20 C.F.R. §§ 404.1545(a)(1).

mixed adjustment disorder; and post-traumatic stress disorder (PTSD). (*Id.*). But the ALJ found none of Mr. Rivera's impairments or any combination of his impairments met or medically equaled the severity of an impairment in the Listings. (Tr. 19).

The ALJ found Mr. Rivera had the RFC to perform light work[4] the following non-exertional limitations:

> [Mr. Rivera] can frequently push, pull and/or reach overhead with the right upper extremity, can frequently push, pull, and/or operate foot controls with both lower extremities, can frequently balance, can occasionally stoop, kneel, crouch, and crawl, can occasionally climb stairs and ramps, can occasionally climb ladders, ropes, and scaffolds and can occasionally be exposed to vibrations, unprotected heights, and moving machinery parts. He is able to understand and remember simple instructions, make simple work related decisions, carry-out simple instructions, can occasionally deal with changes in a routine work setting, and can occasionally deal with coworkers and the public.

(Tr. 22).

Based on these findings and the testimony of a vocational expert (VE), the ALJ determined Mr. Rivera could not perform his past relevant work. (Tr.

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

27). The ALJ then determined Mr. Rivera could perform other jobs existing in significant numbers in the national economy, specifically as cleaner, marker, and routing clerk. (Tr. 27–28). As a result, the ALJ found Mr. Rivera not disabled at any time from September 9, 2017, through the date of the ALJ's decision. (Tr. 28).

### III. ANALYSIS

#### A. Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357

F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B.     Issues on Appeal

Mr. Rivera raises two issues on appeal: (1) whether the ALJ properly considered the entirety of Mr. Rivera's impairments such that his RFC is supported by substantial evidence; and (2) whether the ALJ properly relied upon the testimony of the VE in reaching its conclusion. (Doc. 33, p. 11). The Commissioner contends the ALJ thoroughly evaluated all of the medical opinion evidence and rejected it, finding the evidence inconsistent and "implicitly unpersuasive." (*Id.* at. 20).

### 1. Whether the RFC is supported by substantial evidence.

Mr. Rivera contends the ALJ failed to adequately weigh and consider the medical opinions of Raena Baptiste-Boles, Psy.D., and Frederick Nolen, Ph.D., resulting in an RFC determination unsupported by substantial evidence. (*Id.*

6

at 13–14). Mr. Rivera claims that because the ALJ failed to include the limitations in these medical opinions, the hypothetical relied upon by the ALJ is ultimately unsupported by substantial evidence. (*Id.* at 24). Mr. Rivera further claims the ALJ failed to affirmatively indicate whether there is a medical necessity for his use of a cane. (*Id.* at 19).

The Commissioner argues the ALJ's conclusion that Dr. Baptiste-Bole's and Dr. Nolen's medical opinions are unpersuasive is supported by substantial evidence. The Commissioner contends "the ALJ discussed in detail Dr. Nolen's and Dr. Baptiste-Bole's treatment records and opinions." (*Id.* at 20–21). The Commissioner further claims the ALJ rejected Dr. Nolen's and Dr. Baptiste-Bole's medical opinions, finding the evidence inconsistent and thus unpersuasive and insufficient to provide objective corroboration establishing marked or extreme mental limitations. (*Id.* at 20). The Commissioner maintains the ALJ expressly discussed the evidence relating to Mr. Rivera's use of a cane, and specifically stated that the evidence was insufficient, ultimately rejecting his need for a cane in evaluating the RFC. (*Id.* at 22).

In determining persuasiveness, the ALJ considers various factors set forth by the new Social Security Administration regulations implemented as of March 27, 2017. 20 C.F.R. §404.1520c(a). The new regulations provide that the factors to be considered include: (1) supportability; (2) consistency; (3)

relationship with the claimant (which includes consideration of the length of treatment relationship; frequency of examination; purpose of treatment relationship; extent of treatment relationship; and examining relationship) (4) specialization; and (5) other relevant factors that tend to support or contradict a medical opinion or prior administrative medical finding §404.1520c(c).

The ALJ's RFC determination is supported by substantial evidence. The ALJ expressly discusses Dr. Nolen's and Dr. Baptise-Bole's medical opinions and treatment records, noting significant inconsistencies. (Tr. 20). On October 31, 2018, Mr. Rivera was seen by Dr. Nolen who noted that he presented with PTSD from service-connected stressors. (Tr. 603). Dr. Nolen also noted the Mr. Rivera presented with "very broken speech with word-finding problems, which was unusual because he said he did not have word-finding problems when he was an instructor in the military." (Tr. 600). Mr. Rivera was subsequently examined by Dr. Baptiste-Boles on November 29, 2018, who made no mention of PTSD in her medical opinion. Instead, she diagnosed Mr. Rivera with "Major Depressive Disorder, Recurrent, Moderate." (Tr. 73). Dr. Baptiste-Boles observed that Mr. Rivera was "alert and oriented" and "exhibited unremarkable speech and language functioning, without any mention of word finding difficulties. (Tr. 77). Based on the lack of corroboration between medical opinions, the ALJ concluded Mr. Rivera's mental health impairments

8

may have caused functional limitations during the relevant period, but not to the extent of resulting in functional debilitation. (Tr. 26).

Regarding the issue of whether the ALJ adequately articulated the weight assigned to the medical opinions, pursuant to the new regulations, adjudicators are not required to explain how they considered the other factors besides consistency and supportability in articulating their consideration of medical evidence. 20 C.F.R. §416.920c(b)(2). The articulation requirement is met so long as the evaluation addresses the substance of the factors, regardless of the specific language used in the evaluation. *See Cook v. Comm' r of Soc. Sec.*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, at *5 (M.D. Fla. Apr. 6, 2021). Since the ALJ assessed Dr. Nolen's and Dr. Baptiste-Bole's medical records, in addition to other disability reports and records from other medical providers, the articulation requirement has been met.

Mr. Rivera finally argues the ALJ failed to clearly articulate the rationale for rejecting his use of a cane. (Tr. 24). However, the ALJ expressly discusses the evidence regarding Mr. Rivera's use of a cane (Tr. 24). The ALJ specifically notes the last time a cane was mentioned in Mr. Rivera's medical record was November 2018, when he was examined by Minh Dang, PA-C. (Tr. 403). Subsequent hospital records from 2019 to 2020 include no mention of a cane. (Tr. 725–762). Since Mr. Rivera's medical records do not affirmatively

establish that Ms. Dang's findings are consistent with his functioning over the relevant 12-month period, the ALJ did not find Ms. Dang's opinion persuasive. (Tr. 27). Consistent with this finding in evaluating RFC, the ALJ expressly rejected Mr. Rivera's need for a cane, given that medical records do not affirmatively establish that he requires a cane for any amount of ambulation due to gait abnormalities or propensity for falling. (Tr. 25). Therefore, the ALJ's conclusions on Mr. Rivera's RFC are supported by substantial evidence.

### 2. Whether the ALJ properly relied upon the VE's testimony.

Mr. Rivera contends the ALJ failed to present a hypothetical question to the VE that adequately accounted for all of Mr. Rivera's limitations as established by Dr. Baptiste-Bole's and Dr. Nolen's medical evidence. (Doc. 33, p. 22). The Eleventh Circuit instructs "a hypothetical question need only contain those functional restrictions the ALJ finds supported by the record and should not simply include all subjective complaints made by the claimant." *McSwain v. Bowen*, 814 F. 2d 617, 619–620 (11th Cir. 1987). Given the significant contradictions in Dr. Baptiste-Bole's and Dr. Nolen's medical opinions, Mr. Rivera has not established any further testimony from the VE was necessary. The hypothetical question posed by the ALJ and the subsequent testimony of the VE accurately reflects Mr. Rivera's medical condition and is supported by substantial evidence.

## IV. CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED,** and the Clerk is directed to enter judgment in favor of the Commissioner.

**ORDERED** in Tampa, Florida on July 27, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge